INDUSTRIAL TRUST COMPANY *vs.* CASSIE WAGENHAUSER *et al.*

MAY 31, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

188

CONDON, J. This is a bill in equity for the construction of a will. The cause was heard in the superior court on bill, answers, and proof. When it was ready for hearing for final decree the trial justice, as required by general laws 1938, chapter 545, §7, certified it to this court for our determination.

The will in question was executed August 31, 1936 by Elizabeth F. McMann, who deceased in the city of Pawtucket on November 6, 1936. Her brother Francis A. McMann was her sole surviving heir. In the sixth clause of her will she made the following provision for him:

"Sixth. If I shall not survive my brother, Francis A. McMann, then I give and bequeath my entire residuary estate to Industrial Trust Company, a Rhode Island corporation, To Have And To Hold In Trust upon the following terms and conditions, and I direct that so far as possible, the Slater Branch of said Company shall administer said trust.

(A) Said Trustee shall keep the principal of said trust fund either on deposit where the same shall be deposited at the time of my death, or shall invest the same in good income-paying securities.

(B) From the net income thereof, or from the principal of said trust fund, or both, said Trustee shall pay to my said brother, Francis A. McMann, the sum of Twenty Dollars ($20.00) per week for and during his natural life, and in case of his death, shall pay his funeral and burial expenses; and upon such death, and after such payment, said trust shall terminate, and the principal thereof then remaining shall be disposed of as follows:—

(1) To my friends, Bridget E. Corbett and Willow A. Baxter the sum of One Thousand Dollars ($1,000)

each, in recognition of their faithful service to me during my lifetime.

(2) To the Reverend Francis J. McCabe, at present the pastor of St. Anthony's Roman Catholic Church, of Providence, Rhode Island, the sum of Five Hundred Dollars ($500).

(3) The balance of the principal of said trust fund shall be distributed among my legal heirs in accordance with the laws of descent and distribution of the State of Rhode Island in force at the time of my decease."

In accordance with such provision complainant paid Francis A. McMann the sum of $20 a week until his death on October 9, 1950. Thereafter it paid his funeral and burial expenses and also the legacies in paragraph (B), subparagraphs (1) and (2) of the sixth clause. It now has a substantial balance of the principal of said trust fund to distribute in accordance with subparagraph (3). It is that subparagraph which we are asked to construe.

Certain respondents who were named in the bill and are also second cousins did not file an answer in the superior court and as to them a decree *pro confesso* was duly entered. They did not appear or file any brief in this court. It also appears that there were other possible respondents whose names were unknown or who were unascertained or not in being. To represent the interests of such persons the superior court appointed a guardian *ad litem* who filed an answer submitting such interests to the protection of the court. In this court he neither argued nor filed a brief. The superior court also appointed an attorney to represent the interests of any person who might be in the military service of the United States. Said attorney filed an answer in that court submitting such interests to its protection. He neither argued nor filed a brief in this court.

Certain other respondents, Cassie McDevitt, Rachel Lovig, Elizabeth G. Lynd, Vincent J. Gorman, and John C. Gorman, all second cousins of the testatrix, answered the bill in the superior court and appeared in this court by

counsel. They contend it was the intention of the testatrix that the heirs to whom such balance should be distributed were those who qualified as her heirs as of the date of her brother's death. They contend further that if such is not the correct construction she at least did not intend to include her brother among the heirs who were to receive such balance.

In the circumstances complainant felt it necessary to take a position in the controversy caused by the named respondents' contentions and suggested that the law of this state as decided in *Starrett* v. *Botsford,* 64 R. I. 1, seemed to be opposed thereto. We have carefully considered respondents' argument in support of their contentions and we are of the opinion that no sound reason has been advanced by them to justify differentiating the testamentary language here from that in the *Starrett* case.

We think the reasoning and citation of authorities which led to our conclusions therein are equally applicable to the case at bar. No useful purpose would be served by repeating here what we said at that time. We refer respondents to the opinion in the *Starrett* case for the reasons that prompt us now to reject their contentions. When the testatrix used the familiar legal word "heirs" we must presume that she used it in its ordinary legal meaning unless the contrary clearly appears. *Kenyon, Petitioner,* 17 R. I. 149, 162. We find no clear indication to the contrary here, and we hold that subparagraph (3) of paragraph (B) under the sixth clause of the will is to be read as meaning the testatrix' heirs as of the date of her death.

As to respondents' second contention that testatrix intended that Francis A. McMann should not be included in the distribution of the balance of the trust fund, our answer is that if such were her actual intention she has not made it clear by the testamentary language which she used. We cannot speculate in this matter but must rely on the language she has employed to express her intention.

That language does not clearly exclude her brother Francis and, therefore, we must hold that being the legal heir of the testatrix his estate is entitled to receive the balance of the fund. For a further exposition of the reasons which lead us to take such view we refer again to our opinion in *Starrett* v. *Botsford, supra.*

On June 8, 1955, the parties may present to this court for approval a form of decree, in accordance with this opinion, to be entered in the superior court.

*Crowe & Hetherington, Benjamin C. Chester,* for complainant.

*Hurley, Moriarty & Moakler, Walter V. Moriarty,* for respondent.